IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON EVERETTE BOOZE IV,

    Plaintiff,

v.

TYRELL WILSON, *Warden*, *et al.*,

    Defendants.

Civil Action No.: 23-cv-2386-LKG

Dated: October 10, 2023

**MEMORANDUM OPINION**

    Plaintiff Gordon Everette Booze IV, who is incarcerated at Roxbury Correctional Institution, has requested permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Because Booze appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. ECF No. 1.

    Booze states that he was transferred from the Baltimore Central Intake Booking Center ("BCIBC") to the hospital for medical treatment, and then returned BCIBC. ECF No. 1 at 4-5. While he was receiving treatment he was not given access to his personal property. *Id.* at 5. When he returned to BCIBC, his personal property was not returned to him, and he was told that "it may have gotten caught in some type of flood." *Id.* He values the missing property at $820.81 and seeks damages at three times the cost of the missing property, plus additional compensation. *Id.* For the reasons discussed below, Booze's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    Booze is self-represented and his pleadings are liberally construed by the Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Booze fails to identify what federal constitutional provision is the basis for his property claim, however, it appears that he is attempting to bring a

claim under § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment. For the reasons that follow, this claim fails.

Boozes alleges that the property was not returned to him, possibly due to a flood that damaged his property. A negligent deprivation of property is not actionable under § 1983. *See Kerr v. S.C. Dept of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)).

Even if Booze were to allege that the property was intentionally damaged or misplaced by a state employee, his federal claim would fail because he has access to an adequate post-deprivation remedy in Maryland state court. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012).

Construing the pleadings with deference to Booze, no plausible basis for any cause of action can be found in federal court. Accordingly, the Complaint will be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Plaintiff is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*,

_U.S.__, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F. 4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1) for failure to state a claim. A separate order follows.

10-6-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge